Schrader & Seyfried, Inc. *v.* Workmen's Compensation Appeal Board and Thomas Cerny. Schrader & Seyfried, Inc. and Penna. Mfg. Asso. Casualty Co., Appellants.

Argued December 6, 1976, before Judges KRAMER, WILKINSON, JR., and ROGERS, sitting as a panel of three.

*Robert Lazorchick,* with him *Scott & Lazorchick,* for appellants.

*Carl A. Niehoff,* with him *James N. Diefenderfer,* for appellees.

PER CURIAM January 27, 1977:

In *Cerny v. Schrader & Seyfried, Inc.,* 463 Pa. 20, 342 A.2d 384 (1975), the Supreme Court vacated an

order of this Court dismissing the workmen's compensation claimant, Cerny's, petition for modification of an award, concluding its opinion as follows:

> Therefore, we vacate the Order of the Commonwealth Court and remand the record to the Workmen's Compensation Board so that it may decide whether an increase in Cerny's disability has been established. If the Board determines that Cerny has met his burden of proving his disability increased after September 21, 1962, then, since Schrader has failed to establish work other than his own type of employment was available to Cerny, an award for total disability should be entered. If, however, the Board determines that an increase in disability has not been proven, then a judgment for Schrader should follow.
>
> It is so ordered.

463 Pa. at 25 342 A.2d at 387.

When the matter was accordingly remanded, the Workmen's Compensation Appeal Board assigned it to the same referee who had previously acted in the case for his determination of "whether claimant experienced an increase in disability and whether he is incapable of performing his regular employment." The Workmen's Compensation Appeal Board in subsequent orders explained its action in sending the matter to a referee as being, in its view, necessary under the rule of *Universal Cyclops Steel Corporation v. Krawczynski,* 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973), approved by the Supreme Court in *Page's Department Store v. Velardi,* Pa. , 346 A.2d 556 (1975), that 1972 amendments to The Pennsylvania Workmen's Compensation Act removed the Board's power to substitute its findings for that

of a referee where it, the Board, had not itself heard additional evidence.[1]

Cerny's counsel objected to the reference of the case to a referee and was able to convince the Board that it was required by the Supreme Court's order to make the necessary findings, despite the rule of *Universal Cyclops* and the Board's apparent inclination to permit the referee, who had heard the witnesses, to make them. The Workmen's Compensation Appeal Board reviewed the record, and added to the referee's decision of May 6, 1971, its, the Board's, findings that the claimant's partial disability had increased, that the claimant has been unable to do his former work and that the employer had failed to show that any work is available which the claimant, could obtain. The Board awarded compensation for total disability.

The employer and its insurance carrier have appealed the Board's action to this Court. Cerny has moved to dismiss the appeal to this Court on the ground that we have no jurisdiction to do anything with reference to an order of the Supreme Court and that the Supreme Court meant for the Workmen's Compensation Appeal Board, not a referee, to decide the factual issues despite any law to the contrary. The employer says that the Board erred in recalling the matter from the referee and in finding facts without itself having heard any evidence, and suggests, it seems, that the Supreme Court's order did not mean that the Board, as distinguished from the referee, should make the necessary findings.

It is apparent that the order of the Supreme Court was not immediately clear to the Workmen's Compensation Appeal Board and that it continues to be in

---

[1] The instant case was first decided by the Appeal Board after the effective date of the 1972 amendments.

356

controversy with the parties. In such case the proper practice for the Board or counsel for either of the parties was to ask the Supreme Court directly for instructions. *Crawford's Estate*, 313 Pa. 127, 169 A. 438 (1933). We do not believe that it would be proper for us to choose between conflicting views of the Board's duty under the Supreme Court's direction. We will, therefore, transfer the record to the Supreme Court of Pennsylvania for decision or for such further action as that Court shall determine is proper.

ORDER

AND Now, this 27th day of January, 1977, the record herein is transferred to the Supreme Court of Pennsylvania.