## Alfred Perlstein *v.* Municipality of Monroeville, Appellant.

Argued May 4, 1977, before President Judge Bow-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*John D. Finnegan,* with him *Martin and Finnegan,*
for appellant.

*Richard L. Rosenzweig,* with him *Rosenzweig &*
*Rosenzweig,* for appellee.

OPINION BY JUDGE ROGERS, June 7, 1977:

This is the second time that the matter of Alfred
Perlstein's desire to erect apartment and townhouses
on 94 acres of land in the Borough of Monroeville has
been the subject of an appeal to this court. In *Perl-*
*stein v. Borough of Monroeville,* 25 Pa. Commonwealth
Ct. 489, 361 A.2d 510 (1976), we held that the zoning
ordinance of the Borough of Monroeville unconstitu-
tionally banned the use of land for townhouse develop-
ment, that Perlstein's request for a curative amend-
ment pursuant to Section 1004 of the Pennsylvania

Municipalities Planning Code[1] had been improperly refused and that he was entitled to go forward with his proposed development. We handed down the following order:

AND Now, This 29th day of July, 1976, the order of the Court of Common Pleas of Allegheny County is hereby reversed. The record is hereby remanded to the lower court with directions that the appellant's proposed use of his property be permitted subject to his compliance with other proper regulations of the borough.

The order of the court below which we reversed in *Perlstein v. Borough of Monroeville, supra,* had been entered on July 10, 1974. In the opinion accompanying that order the hearing judge said by way of dicta that Perlstein had proved that no reasonable use could be made of his property as zoned,[2] and that his complaint, although not the proper subject of a request for curative amendment, would be the proper subject of an application for a variance pursuant to Section 1006 of the MPC. Hence, in addition to appealing the court's order with respect to his curative amendment, Perlstein duly applied for a variance for the use of his land for his apartment and townhouse development. Hearings on the variance application were conducted by the Zoning Hearing Board of Monroeville at which the record made in the curative amendment proceedings was entered as the record in the new case. The Zoning Hearing Board denied the variance and Perlstein appealed. On September 8, 1976, the court below entered an order reversing the Zoning Hearing Board's denial of a variance and requiring the borough to issue building permits for Perlstein's develop-

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11004.

[2] Perlstein's land was located in an S Conservancy district where no multi-family uses were permitted. He proposes to construct 275 townhouses, and 392 apartment units.

ment. The variance case continued after the order of this, the Commonwealth Court, was filed on July 29, 1976 because the borough's counsel took, and still takes, the position that since apartment house, as distin- guished from townhouse, use was permitted in dis- tricts other than the S Conservancy, the borough's or- dinance was invalid only with respect to townhouse use and that our order did not require the borough to give permits for the apartments shown on Perl- stein's plans.[3]

The borough has appealed from the lower court's order allowing the variance. Although we agree with the court below that the Zoning Hearing Board abused its discretion and committed an error of law in deny- ing the variance, it is not necessary to expound on this subject because this Court's order of July 29, 1976 required that the development as proposed on the sketch plan accompanying Perlstein's request for cura- tive amendment should be permitted. This plan showed townhouses and apartments; and our order spoke of appellant's proposed use.

Perlstein now has two court orders saying that he may develop his 94 acres by the construction of a com- bination of apartments and townhouses, in accordance with the sketch plan accompanying his request for curative amendment. He has our order of July 29, 1976 and that of the court below in these proceedings, which we hereby affirm.

ORDER

AND Now, this 7th day of June, 1977, the order of the court below, dated September 8, 1976, is affirmed.

---

[3] Perlstein's counsel believed our order permitted the develop- ment as proposed. Either counsel could have applied to this court for clarification, and thus would have been avoided the labors of the court below with respect to the variance and that of counsel and this court on this second appeal. See *Schrader & Seyfried, Inc. v. Cerny*, 28 Pa. Commonwealth Ct. 353, 368 A.2d 862 (1977).