Bucks County Housing Development Corporation, Appellant v. Township of Plumstead, Appellee.

Argued April 6, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*George T. Kelton,* with him *Thomas J. Profy, III,* and *Begley, Carlin, Mandio, Kelton and Popkin,* for appellant.

*George M. Bush,* with him *Hartzel and Bush,* for appellee.

*Frank J. Earnheart,* with him *Robert C. J. Mc-Kinstry,* and *Frederick J. Rarig,* for amicus curiae, Plumstead Township Civic Association.

OPINION BY JUDGE CRUMLISH, JR., June 30, 1976:

Bucks County Housing Development Corporation (Appellant) appeals an opinion and order of the Court of Common Pleas which affirmed Plumstead Township's (Appellee) Board of Supervisors' action in rejecting the tentative proposal for a Planned Residential Development (PRD).

We affirm.

Pivotal in this appeal is the common law doctrine of pending ordinance.[1] It is the settled law of this Commonwealth that a permit can be denied if, at the

---

[1] For a discussion of the pending ordinance doctrine, *see* 50 ALR 3rd 596, 623-632 (1973).

time of the application, there is pending an amendment to a zoning ordinance which would prohibit the use of the land for which the permit is sought. *Boron Oil v. Kimple,* 445 Pa. 326, 284 A.2d 744 (1971); *Hertrick's Appeal,* 391 Pa. 148, 137 A.2d 310 (1958).

Appellant contends that the pending ordinance doctrine does not apply to this application because at the time of submission of the PRD, there had not been sufficient public declaration by Appellee that it had resolved to consider a particular rezoning scheme. *Boron Oil, supra.* Additionally, it argues that the proposed ordinance was specifically aimed to exclude its application; and therefore, the trial court erred when it refused to consider the constitutional issue. We disagree.

There is no merit to Appellant's argument that stricter provisions of Section 508 of the Municipalities Planning Code[2] (MPC) control this application for a PRD and that the common law doctrine of pending ordinance is not applicable. This section provides that: "All applications for approval of a plat *(other than those governed by Article VII)*" (Emphasis added.) are within the purview of this Article. This application and ordinance involve a planned residential development, clearly under the regulation of Article VII of the MPC. *See Cohen v. Ford,* 19 Pa. Commonwealth Ct. 417, 339 A.2d 175 (1975). Consequently, this eliminates consideration of Section 508 of the MPC, 53 P.S. §10508.

An ordinance is not pending until the legislative body purposes or resolves to consider it, makes the proposal open to the public for inspection and advertises that it will be considered at a forthcoming public meeting. *Lower Southampton Township v. B. P. Oil Corp.,* 16 Pa. Commonwealth Ct. 108, 329

---

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508.

A.2d 535 (1974). Accordingly, we conclude that the trial court was correct in its findings of fact and conclusions of law that the amending ordinance was pending at the time Appellant filed its application for tentative approval of the PRD.[3]

---

[3] The trial court made thirty-three findings of fact. Critical to its decision are those set out below:

"16. The Plumstead Township planning commission on January 16, 1973 was authorized by the township supervisors to review the PRD provisions of the township zoning ordinance, and the supervisors requested from the Bucks County planning commission a proposal setting forth the costs involved in obtaining from the latter a review of the ordinance.

"17. The Plumstead Township planning commission on February 8, 1973 requested that the supervisors impose a moratorium on residential development within the township, and requested the supervisors to authorize the planning commission to accept no PRD plans. On February 20, 1973 such a moratorium was declared by the supervisors, to continue until such time as the planning commission had completed a restudy of the PRD provisions in the ordinance.

"18. At planning commission meetings prior to November 1972, and dating back to as early as 1970 and 1971, amendment of the PRD provisions of the ordinance was discussed.

"19. Beginning in March 1973 the Plumstead Township planning commission spent considerable time working on the zoning ordinance amendment which was finally adopted by the supervisors in September 1973. In April 1973 George M. Bush, Plumstead Township solicitor, was directed by the supervisors to prepare a revision of the PRD ordinance.

"20. At a special meeting held on May 10, 1973, the solicitor presented to the township planning commission a draft of proposed amendments to the ordinance.

"21 In early 1973 another PRD proposal, involving a tract near appellant's land, was brought before the supervisors by Mont-Bucks, Incorporated. Supervisor Landis recommended deferring action on that proposal until review of the PRD provisions of the existing zoning ordinance was completed. As of July 11, 1974 no tentative plans submitted to the supervisors had been approved by them.

"22. On May 22 and May 30, 1973 the Plumstead Township planning commission held special meetings to consider the proposed amendment of the township's PRD ordinance. The former meeting was attended by the supervisors.

Further, Section 1004 of the MPC, 53 P.S. §11004, dictates the procedure which Appellant must follow when it challenges the constitutionality of the zoning ordinance. We will not accept Appellant's argument and bypass the mandate of the MPC for convenience and expediency. In refusing to take testimony as to the constitutionality of the ordinance, the trial court did not in any way pass on that issue. Appellant initiated this action pursuant to Section 1006(1)(b) of the MPC, 53 P.S. §11006(1)(b), which provides for review of applications, decisions and orders *not* involving the validity of an ordinance. Appellants would have us bootstrap them into a position which

"23. On June 11 and June 18, 1973 public advertisements were published giving notice that the township planning commission would hold a public hearing on July 10, 1973 to consider a proposed amendment to the township zoning ordinance dealing exclusively with its PRD provisions.

. . . .

"25. On June 28, 1973 the Bucks County Housing Development Corporation submitted to the Plumstead Township board of supervisors the application for tentative PRD approval which is the subject of this proceeding.

"26. The township planning commission held a public hearing on amendment of the PRD ordinances, as advertised, on July 10, 1973. All three township supervisors were present in the audience.

. . . .

"28. None of the proposed changes agreed upon by the planning commission after June 1, 1973 concerned the density provisions of the PRD ordinances, which remained unchanged in their recommendations subsequent to that date.

. . . .

"31. On September 11 and September 18, 1973 legal advertisements of a public meeting of the township supervisors on September 25, 1973 were published. The meeting was held as scheduled and the supervisors there adopted the proposed revisions to the PRD ordinance.

"32. Copies of the proposed PRD ordinance were placed for public inspection in the Gayman Elementary School office on or about June 11, 1973."

they did not see fit to bring themselves. This will not do. The General Assembly was unequivocal in enunciating Sections 1004 and 1006 of the MPC and we will not tamper with them. Therefore, the trial court properly concluded that it lacked jurisdiction.

Affirmed.

Judge KRAMER did not participate in the decision in this case.

