In Re: Appeal of Central Penn National Bank From a Decision of the Zoning Hearing Board of Bensalem Township Rendered June 6, 1978.
Bensalem Township, Appellant.

Argued October 3, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Leslie G. Dias,* with him *Henry F. Huhn,* for appellant.

*Steven P. Burkett,* with him *Krimsky, Luterman, Stein & Levy; William E. Benner;* and *Power, Bowen & Valimont,* for appellees.

OPINION BY JUDGE WILKINSON, JR., November 16, 1979:

This zoning matter is before the Court on an appeal from a decision of the court of common pleas which reversed a decision of the township zoning hearing board and directed the reissuance of 63 dwelling unit building permits. The facts are not in dispute.

Section 1 of a proposed building plan was approved on May 9, 1973. Approval of 214 building

permits was obtained for units to be placed on 19 acres. This was in accord with the then zoning ordinance which permitted 12 units per acre. Construction began promptly in June, 1973. By September, 1975, when construction stopped 76 units were completed, 36 of which were sold and 30 of these occupied. An additional 56 units were in various stages of construction with 19 more having foundations poured. The basic utilities and landscaping had been completed for the entire project. In February, 1976, appellee confessed judgment on the mortgage, and sheriff sale was scheduled for April 10, 1976. This sale was stayed by order of the Bankruptcy Court on April 8, 1976. The stay was subsequently removed and the sale held on July 8, 1977, when appellee acquired title.

Appellee's application for the reissuance of the 63 permits was rejected by the zoning officer as well as the zoning hearing board on the basis that the three-year protective period provided by Section 508(4) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10508(4) had expired and the amended zoning ordinance allowed only four units per acre.

This would seem to be a case of first impression in the appellate courts of the Commonwealth but certainly not in this Common Pleas Court of Bucks County. We quote from Judge BODLEY's opinion:

We have recognized and have held that the Legislature could not have intended that the three-year limitation found in Section 508(4) be so inflexibly interpreted so as to demand that every unit of a given construction project be in a state of completion by the end of three years. Such a construction would be so patently unfair and unconscionable that this Section

must be interpreted to permit the completion of a project as a whole after the three-year deadline has passed where it is found that the developer has proceeded in good faith and has taken substantial steps toward completion within the three-year period. (Citing three Bucks County cases.)

We cannot agree and must reverse.

This Court has at least twice stated, in dicta, that after the three-year period provided for in Section 508(4) has passed, the landowner stands in the same position as any other landowner vis-a-vis the existing zoning requirements: *See In Re: Application of BCL, Inc.*, 36 Pa. Commonwealth Ct. 96, 387 A.2d 970 (1978); *Mid-County Manor, Inc. v. Haverford Township Board of Commissioners*, 22 Pa. Commonwealth Ct. 149, 348 A.2d 472 (1975). Quite contrary to the above quotation, we feel the legislature did intend the three-year limitation to be just what it says. This does not mean that a builder such as the appellee after the three-year period is without a remedy. He can do, as appellee did here, apply for a variance. All the equitable considerations which impelled the common pleas court in its decision here would seem to apply in such a proceeding. Appellee acknowledges this in the last sentence of its brief wherein it is stated: "Alternatively, where such a landowner has so substantially improved the land that if the intervening zoning change if applied creates a forfeiture in that landowner, such a landowner has an entitlement to a variance as a matter of right and the facts in this case warrant such a finding."

Inasmuch as the court of common pleas expressly did not consider the matter of a variance which was before it properly but did not require disposition in view of the position then taken, we will remand the

338

case to that court to dispose of the question of appellee's right to a variance.[1]

Accordingly, we will enter the following

ORDER

AND Now, November 16, 1979, the order of the Court of Common Pleas of Bucks County, No. 78-6067-04-5, Civil, dated November 3, 1978, is set aside and the case remanded to that court to consider the Central Penn National Bank appeal from the denial of its application for a variance.

[1] Intervenor, Adele Kaminsky, individually and on behalf of intervenor, the Coventry Hamlet Civic Association, raised the question of whether a zoning ordinance could be applied to result in the impairment of the contract rights of purchasers of units in a condominium subject to a Declaration of Condominium under the provisions of the Unit Property Act, Act of July 3, 1963, P.L. 196, 68 P.S. §700.101 *et seq.* As with the variance question, this issue was not considered by the trial court and need not be considered unless the appeal from the application for variance is dismissed.