Dr. Marc G. Getman, Appellant *v.* Zoning Hearing Board of Northampton Township, Appellee.

Argued March 4, 1981, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*Herbert K. Sudfeld, Jr.,* with him *Richard P. McBride, Power, Bowen & Valimont,* for appellant.

*Theodore K. Warner,* with him *Robert C. Steiger,* for appellee.

OPINION BY JUDGE ROGERS, April 15, 1981:

Dr. Marc G. Getman has appealed from an order of the Court of Common Pleas of Bucks County affirming the decision of the Zoning Hearing Board of Northampton Township (Board) denying Dr. Getman's application for a special exception. We affirm.

Dr. Getman is a state-licensed optometrist. In November, 1978, Dr. Getman entered into an agreement for the purchase of a parcel of land, and a house to be built upon the parcel, located in the Deerfield North subdivision being developed by Montgomery Developers Company. The subdivision plans for Deerfield North had been approved by the governing body in 1976. At the time of this approval of the plans, Deerfield North was in an R-1 zoning district of the township's 1948 zoning ordinance. The owner of property in an R-1 district could have by way of special exception the right to use his or her property "[f]or the professional office of a doctor, dentist, teacher, artist, architect, musician, lawyer or magistrate or a similar profession." In 1977, Deerfield North was placed in the R-2 zoning district under a new township zoning ordinance. The occupational uses permitted by special exception in an R-2 district under the 1977 zoning ordinance are more restrictive than those previously permitted in an R-1 district under the 1948 zoning ordinance.

In December, 1978, Dr. Getman filed an application with the Board for a special exception for permission to use part of his house as a branch office for his optometry practice. At the Board's hearing,

the question of whether the 1948 zoning ordinance or the 1977 zoning ordinance applied was advanced. The Board did not decide this question; instead, it found that Dr. Getman was not a medical doctor; that at least fifty percent of his activity at his home would consist of the sale of glasses; and that the purveying of glasses is retail sales activity and that this would be Dr. Getman's principal business at his home. The Board concluded that Dr. Getman was not entitled to a special exception under either the 1948 or the 1977 zoning ordinance.

Dr. Getman appealed that Board's decision to the court below, which, without taking additional evidence, held that the Board erred in deciding that Dr. Getman was not entitled to a special exception under the 1948 zoning ordinance; that Dr. Getman's application should have been considered with reference to the provisions of the 1977 zoning ordinance because only that ordinance applied; and that Dr. Getman was not entitled to the special exception under the 1977 ordinance. Accordingly, the lower court affirmed the Board's denial of Dr. Getman's application. This appeal followed.

In a zoning appeal where the lower court did not receive any additional evidence, our review is limited to determining whether the Board abused its discretion or committed an error of law. *Gable v. Springfield Township Zoning Hearing Board*, 18 Pa. Commonwealth Ct. 381, 383, 335 A.2d 886, 887 (1975).

Dr. Getman does not argue in this appeal that he would be entitled to a special exception under the 1977 zoning ordinance. Rather, he contends that for three years after the approval of Montgomery Developers Company's subdivision plans by the Board, he is insulated from any adverse affects of a zoning change under Section 508(4) of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968,

P.L. 805, *as amended*, 53 P.S. §10508(4) (MPC), and
that his application for a special exception must be
decided under the 1948 zoning ordinance and not the
1977 zoning ordinance. Dr. Getman then argues that
the Board erred in determining that he was not en-
titled to a special exception under the 1948 zoning
ordinance.

At the outset, we agree with the lower court that,
"[w]ithout belaboring it, it seems apparent that
[Dr. Getman's] special exception would be permis-
sible under the 1948 ordinance but is not permissible
under the 1977 ordinance." *Getman v. Northampton
Township Zoning Hearing Board*, 34 Bucks 20, 21
(1979). Thus, the Board erred in deciding that Dr.
Getman was not entitled to a special exception under
the 1948 zoning ordinance. This error, however, is
of no moment because, for the reasons given here-
after, different from those given by the court below,[1]
we hold that the 1977 zoning ordinance governed Dr.
Getman's application for a special exception. Since
Dr. Getman concedes that he is not entitled to a spe-
cial exception under the 1977 ordinance, his applica-
tion for special exception was properly refused.

Section 508(4) of the MPC provides in pertinent
part that

> [w]hen an application for approval of a plat,
> whether preliminary or final, has been ap-
> proved or approved subject to conditions ac-
> ceptable to the applicant, no subsequent change
> or amendment in zoning, subdivision or other

---

[1] The court below held that Section 508(4) of the MPC pro-
tected the developer against changes in dimensional, lot size and
similar requirements but not against changes in "the specifics" of
use. We disagree with this interpretation because changes in
uses, including specifics, could affect the right to commence or
continue the development in accordance with the terms of ap-
proval.

governing ordinance or plan shall be applied to affect adversely the right of the applicant to commence and to complete any part of the approved development in accordance with the terms of such approval within three years from such approval.

Section 107(1) of the MPC, 53 P.S. §10107(1) defines an applicant as a "landowner or developer . . . who has filed an application for development including his heirs, successors and assigns." Hence Section 508(4) renders changes in a zoning ordinance which adversely affect the right of the applicant "to commence and complete any part of the approved development" ineffective for three years from approval. *See, e.g., In Re Appeal by Mark-Garner Associates, Inc.,* 50 Pa. Commonwealth Ct. 354, 413 A.2d 1142 (1980); *Bensalem Township Appeal,* 47 Pa. Commonwealth Ct. 334, 408 A.2d 550 (1979); *Ridgeview Associates v. Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 459, 333 A.2d 249 (1975). The right protected is that of commencing and completing the development and the person protected is the applicant for development and his heirs, successors and assigns. Dr. Getman and, therefore, his application for a special exception are not within the protection afforded an applicant for subdivision approval under Section 508(4). There is nothing in the record demonstrating that the change in the home occupation regulation adversely affected the right to commence or complete the development. Nor is Dr. Getman as the purchaser of a lot in the development the successor or assignee of the rights of the developer to commence and complete the project. Only one who has acquired those rights (and obligations) is the successor or assignee of the application.

Order affirmed.

ORDER

AND Now, this 15th day of April, 1981, the order of the Common Pleas Court of Bucks County made November 8, 1979, is affirmed.

Judge WILKINSON did not participate in the decision in this case.