Bucks County Housing Development Corporation, Appellant *v.* Zoning Hearing Board of the Township of Plumstead, et al., Appellees.

Argued June 6, 1984, before Judges WILLIAMS, JR., BARRY and BLATT, sitting as a panel of three.

*Thomas J. Profy, III, Begley, Carlin & Mandio,* for appellant.

*George M. Bush, Hartzel & Bush,* for appellee, Township of Plumstead.

*Frank J. Earnheart,* for appellee, Plumstead Township Civic Association.

OPINION BY JUDGE WILLIAMS, JR., September 5, 1984:

The Bucks County Housing Development Corporation (appellant) appeals from the order of the Court of Common Pleas of Bucks County denying its request for an extension of time for filing final development plans for a Planned Residential Development (PRD) and revoking appellant's tentative approval for the PRD pursuant to Section 710(c) of the Pennsylvania Municipalities Planning Code (MPC).[1] This appeal is a continuation of a long standing controversy which has been before this Court on several earlier occasions.[2]

On October 19, 1973, appellant filed an appeal to the Plumstead Township Zoning Hearing Board (board) challenging the constitutionality of the PRD provisions of the 1973 Plumstead Township (township) Zoning Ordinance. A tentative PRD plan accompanied the appeal.

After a series of hearings, the board, in April 1976, unilaterally suspended the hearings without rendering a decision because of a dispute with appellant over certain costs and fees associated therewith. On July 13, 1976, appellant instituted a mandamus action requesting a "deemed decision" in its favor pursuant

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10710(c).

[2] *See Bucks County Housing Development Corporation v. Township of Plumstead,* 25 Pa. Commonwealth Ct. 354, 361 A.2d 447 (1976) *(BCHDC I);* *Bucks County Housing Development Corporation v. Zoning Hearing Board of the Township of Plumstead,* 45 Pa. Commonwealth Ct. 532, 406 A.2d 832 (1979) *(BCHDC II)* and *Bucks County Housing Development Corporation v. Zoning Hearing Board of the Township of Plumstead* (No. 1980 C.D. 1978, Memorandum Opinion and Order by Judge CRAIG, filed August 19, 1981) *(BCHDC III).*

to MPC §908(9),[3] which was granted by the common pleas court and affirmed by this Court *(BCHDC II)*. Our Supreme Court, per curiam, subsequently denied the Petition for Allowance of Appeal filed by the township and the intervenors.[4]

---

[3] MPC §908(9) provides:

The board or the hearing officer, as the case may be, shall render a written decision or, when no decision is called for, make written findings on the application within forty-five days after the last hearing before the board or hearing officer. Where the application is contested or denied, each decision shall be accompanied by findings of fact and conclusions based thereon together with the reasons therefor. Conclusions based on any provisions of this act or of any ordinance, rule or regulation shall contain a reference to the provision relied on and the reasons why the conclusion is deemed appropriate in the light of the facts found. If the hearing is conducted by a hearing officer, and there has been no stipulation that his decision or findings are final, the board shall make his report and recommendations available to the parties and the parties shall be entitled to make written representations thereon to the board prior to final decision or entry of findings, and the board's decision shall be entered no later than forty-five days after the decision of the hearing officer. Where the board fails to render the decision within the period required by this subsection, or fails to hold the required hearing within sixty days from the date of the applicant's request for a hearing, the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing to an extension of time. When a decision has been rendered in favor of the applicant because of the failure of the board to meet or render a decision as hereinabove provided, the municipality shall give public notice of said decision within ten days in the same manner as provided in subsection (1) of this section. Nothing in this subsection shall prejudice the right of any party opposing the application to urge that such decision is erroneous.

[4] Several residents of the area for which the PRD is planned were granted intervenor status by the court of common pleas, individually and on behalf of their civic association.

In March, 1980, appellant petitioned the court of common pleas for a supplemental order to clarify the "deemed approval" order in response to the township's insistence that the 1973 ordinance would be applied to appellant's PRD. On April 22, 1981, Judge RUFE entered an order specifying the sections of the ordinance which applied to appellant's PRD and those sections from which the project was exempt. It was at that juncture that Judge RUFE granted appellant's request for a one year period to submit its final plans for the PRD even though the MPC[5] provides only for a three month period between tentative approval and final plan submission. Jurisdiction in the matter was retained by the common pleas court.

The township and intervenors appealed that ruling to this Court and on August 19, 1981, Judge DAVID W. CRAIG entered an order *(BCHDC III)* affirming the order of the court of common pleas and remanding the case to that court with instructions to proceed in accordance with its April 22, 1981 order upon the resolution of a related appeal involving the same parties then pending before us at No. 1260 C.D. 1981. The appeal of the township and intervenors in No. 1260 C.D. 1981 was subsequently withdrawn and all parties now agree that the critical period for the submission of final plans as stated in Judge RUFE's April 22, 1981 order began on September 18, 1981 and expired on September 18, 1982.

During the period subsequent to the denial of the Petition for Allowance of Appeal, appellant began preparation of the final plans. However, for various reasons, *inter alia*, the above-described legal proceedings, a severe downturn in the real estate market and appellant's subsequent inability to attract a private

---

[5] *See* MPC §709(c), 53 P.S. §10709(c).

developer as a partner, appellant, on August 5, 1982, filed a petition in the court of common pleas seeking an extension of the final plan filing period for five years. It is the order of the trial court in regard to this petition which is the subject of the present appeal.

The questions presented for our review in this case of first impression are whether MPC §710(c) requires the revocation of the tentative PRD approval which appellant obtained by operation of MPC §908(9) and whether the trial court abused its discretion in not granting the requested extension.[6]

Appellant initiates its arguments from the premise that it gained ''deemed approval'' of its tentative plan as the result of a successful challenge to validity of the township's 1973 ordinance. Citing *Surrick v. Zoning Hearing Board of Upper Providence Township*, 476 Pa. 182, 382 A.2d 105 (1977) and *Casey v. Zoning Hearing Board of Warwick Township*, 459 Pa. 219, 328 A.2d 464 (1974), appellant argues that it now has a vested right to develop its land in accordance with its plans without regard to time limits. However, under the circumstances here, *Surrick* and *Casey* are inapposite. As Judge CRAIG wrote in *BCHDC II,* ''[a]pplicant's [appellant here] mandamus complaint clearly sought, as relief, an order commanding approval of the PRD application under MPC §908(9); it did not pursue any attack upon ordinance constitutionality.'' *Id.* at 535, 406 A.2d at 834-35 (footnote omitted). Therefore, we must reject appellant's assertion that its tentative approval resulted from a successful challenge to the constitutionality of the ordi-

---

[6] Where the common pleas court takes additional evidence in a zoning case, our scope of review is to determine whether the trial court committed a manifest abuse of discretion or an error of law. *Isaacson v. Flanagan*, 74 Pa. Commonwealth Ct. 564, 460 A.2d 884 (1983).

nance and hold that appellant has no vested right to develop without regard to time limits.

Turning to the provisions of MPC §710(c), we find the following:

> In the event that a development plan is given tentative approval and thereafter, but prior to final approval, the landowner shall elect to abandon said development plan and shall so notify the governing body in writing, or in the event the landowner shall fail to file application or applications for final approval within the required period of time or times, as the case may be, the tentative approval shall be deemed to be revoked and all that portion of the area included in the development plan for which final approval has not been given shall be subject to those local ordinances otherwise applicable thereto as they may be amended from time to time, and the same shall be noted on the zoning map and in the records of the secretary or clerk of the municipality.

Appellant contends that the "deemed revocation" procedure set forth above does not apply here because it did not receive its tentative approval and time limitation to file its final plans from the municipality as provided in MPC §709(c). We disagree.

We perceive no requirement in Sections 709(c) or 710(c) that only when the governing body has granted the tentative approval and set the time limits for filing final plans, can the failure by the landowner to meet such limits result in a "deemed revocation" of the tentative approval. Furthermore, we believe that Section 710(c) is mandatory rather than directory. *See Crossley Appeal*, 60 Pa. Commonwealth Ct. 351, 432 A.2d 263 (1981). Thus, when appellant failed to file its final plans by September 18, 1982, its tentative approval expired by operation of law and the trial

court could reach no other legal conclusion. This interpretation balances the "deemed approval" of Section 908(9) which protects landowners from procrastination by zoning hearing boards. Moreover, we have held that a landowner's failure to comply with time limitations set forth in MPC §508(4) results in the loss of immunity from zoning changes and places the landowner "in the same position as any other landowner vis-a-vis the existing zoning requirements." *Bensalem Township Appeal*, 47 Pa. Commonwealth Ct. 334, 337, 408 A.2d 550, 551 (1979).

While it is true that Section 710(c) does not set the period of time within which final plans must be filed except for the establishment of minimum periods which must be accorded the landowner, we must recognize the authority of the court of common pleas to establish such periods. Otherwise, a landowner with a deemed tentative approval could delay further development with impunity; a result clearly contrary to the general legislative intent behind the MPC. Also in this regard, we must note that it was appellant which suggested the one year period to the trial court. Therefore, we conclude that the failure of appellant to file its final plans within the one year period established by order of the common pleas court, required the trial court to order the "deemed revocation" of the tentative approval under Section 710(c).

Having recognized the mandatory nature of the time limits for the submission of final plans under Section 710(c), once such a limit is established, we conclude that the trial court had no authority to extend the time limit.

Therefore, we will affirm the order of the trial court revoking the tentative approval for appellant's PRD and denying appellant's request for an extension of time to file final plans.

50

ORDER

AND Now, this 5th day of September, 1984, the order of the Court of Common Pleas of Bucks County, dated February 4, 1983, is hereby affirmed.