Boron Oil Company, Appellant, *v.* Kimple.

328

Argued September 27, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*Robert L. Orr,* with him *Orr and Orr,* for appellant.

*Norman S. Faulk,* Solicitor, Borough of Beaver, for appellee.

OPINION BY MR. JUSTICE ROBERTS, December 20, 1971:

On July 22, 1968, appellant Boron Oil Company applied to the Borough of Beaver for a building permit for the construction of a gasoline station on property which it owned in the Borough. On the following day, the Borough Manager notified appellant that the Borough was in the process of revising its present zoning ordinance and that the requested permit could not is-

sue for the reason that the proposed rezoning, if adopted, would prohibit a service station at appellant's site.

Appellant thereafter brought an action of mandamus to compel the issuance of the permit. Following trial without a jury in the Court of Common Pleas of Beaver County, judgment was entered against appellant. The Commonwealth Court affirmed, and we allowed a further appeal to this Court. For reasons which follow, we likewise affirm.

It is the settled law of this Commonwealth "that a building permit may be refused if at the time of application there is pending an amendment to a zoning ordinance which would prohibit the use of the land for which the permit is sought." *Hertrick Appeal,* 391 Pa. 148, 153, 137 A. 2d 310, 313-14 (1958) ; see also *Shender v. Zoning Board of Adjustment,* 388 Pa. 265, 131 A. 2d 90 (1957) ; *A. J. Aberman, Inc. v. New Kensington,* 377 Pa. 520, 105 A. 2d 586 (1954) ; *Gold v. Building Committee of Warren Borough,* 334 Pa. 10, 5 A. 2d 367 (1939). Accordingly, the sole and dispositive issue in this appeal is whether such an ordinance was "pending" as of the date of appellant's application for a building permit. In resolving this issue, the following chronology is of note:

April 12, 1966—Borough Council creates Planning Commission to consider a new zoning scheme for the Borough and appoints its members.

July 11, 1967—Borough Council and Planning Commission meet to discuss a master plan.

August 8, 1967—Borough Solicitor directed to study County's proposal for master plan.

September 12, 1967—Borough Council resolves to invite County Planning Office to submit a contract for the preparation of a master plan.

October 10, 1967—Borough Council accepts County Planning Office's proposal.

March 14, 1968—appellant obtains option to purchase the property involved in this appeal.

April 9, 1968—Borough Council adopts ordinance transforming Borough Planning Commission into Borough Zoning Commission.

April 10, 1968—appellant exercises option and orders survey and abstract of the property.

May, 1968—appellant applies to Commonwealth for permit.

June 26, 1968—Commonwealth grants approval.

July 8, 1968—Borough Zoning Commission publishes legal advertisement notifying public of a public meeting to be held on July 24, 1968, to consider a proposed new zoning ordinance and advising interested persons that the ordinance would be available for inspection at the office of the Borough Secretary after July 15, 1968.

*July 22, 1968—appellant applies to Borough for building permit.*

July 24, 1968—public meeting held on the proposed ordinance.

July 25, 1968—Borough Zoning Commission recommends to Borough Council adoption of the proposed ordinance.

October 9, 1968—ordinance approved on first reading subject to revision before final reading.

January 14, 1969—ordinance finally adopted by Borough Council.

The record thus reveals that for approximately two years prior to appellant's application, the Borough had expended substantial effort and had seriously considered an extensive revision of its existing zoning ordinance, and the new ordinance had been prepared pursuant to a comprehensive master plan. There is no evidence and appellant does not even suggest that the new ordinance was directed specifically against it or

its property. The Borough Zoning Commission advertised a public meeting on the proposed rezoning two weeks prior to appellant's application, and the proposed ordinance was available for public inspection one week prior to the application. These facts taken together constitute a sufficient "public declaration by the municipality that it intended to rezone the area." *Lhormer v. Bowen,* 410 Pa. 508, 511, 188 A. 2d 747, 748 (1963). We therefore conclude that the proposed ordinance was "pending" at the date of appellant's application and that the Borough Manager's refusal of a building permit was not improper.

The recent case of *Mutzig v. Hatboro Board of Adjustment,* 440 Pa. 455, 269 A. 2d 694 (1970), involved a similar issue of whether or not an ordinance was pending at the date of an application for a building permit. Although this Court was divided in *Mutzig,* every Justice who participated in that decision expressed the view that an ordinance is pending when a Borough Council has resolved to consider a particular scheme of rezoning and has advertised to the public its intention to hold public hearings on the rezoning. We believe that the same conclusion should prevail where, as here, the Borough Zoning Commission proposes a new zoning ordinance, makes the proposal open to public inspection, and advertises that the proposal will be discussed at a forthcoming public meeting.

Appellant argues that the pending ordinance doctrine should not be so extended but should apply instead only to those situations where the proposed ordinance has been formally introduced into the Borough Council and the *Council* has scheduled and advertised public hearings. In so arguing, appellant contends that a period of one, two or even more years might elapse before final action by Council. It is submitted

that such a burdensome restraint upon an individual's use of his property should not be countenanced.

We are of course sensitive and sympathetic to the potentially onerous situation depicted by appellant and fully appreciate that "[t]he adoption of a zoning ordinance normally requires an extended period of time." *Gulf Oil Corp. v. Fairview Township Board of Supervisors,* 438 Pa. 457, 459, 266 A. 2d 84, 86 (1970). Nevertheless, in determining when a party obtains a vested right to a building permit, we must attempt, however difficult the task may be, to balance the interest of the municipality in effecting a change in its zoning laws free from the perpetuation of nonconforming uses against the interest of the individual property owner to be free from lengthy restraints upon the use of his property.

If the pending ordinance doctrine were limited, as appellant advocates, only to the period of time during which the proposed ordinance is formally before the Borough Council for final action, any one or number of property owners could gain an unqualified right to a soon to be prohibited land use by the simple expedient of applying for a permit between the time the Zoning Commission announces the proposal and the time the proposal is before the Borough Council for consideration. Though the question is admittedly not easy, we believe that the Borough's interest in precluding this eventuality is paramount and of greater concern than any regrettable but unavoidable harm suffered by an individual landowner.

A word of caution is nevertheless in order. While we do not in this instance countenance a "race to the courthouse steps" by landowners to obtain rights to a nonconforming use, our present decision is not to be construed in any sense as granting a license to a municipality to use the pendency of a zoning ordinance as

a device to impose either a general or selective moratorium on local land development. However much a rapidly expanding municipality may wish to declare "time out" and stop all development, such effect, by whatever means achieved, would be constitutionally impermissible. Moreover, even aside from questions of improper purpose, it is to be emphasized that the various governmental authorities charged with the responsibility of proposing, promulgating and administering local zoning and planning laws are under a basic duty to act reasonably. In sum, a building permit may be properly refused in situations such as the one at bar *only* when the municipality acts initially in good faith to achieve permissible ends and thereafter proceeds with reasonable dispatch in considering the proposed rezoning.

The order of the Commonwealth Court affirming the judgment of the Court of Common Pleas of Beaver County is affirmed.

Mr. Chief Justice BELL and Mr. Justice BARBIERI took no part in the consideration or decision of this case.