## Model Enterprises, Rapho Township Zoning Appeal.

Argued December 7, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER and ROGERS.

*Charles B. Grove, Jr.,* with him *May, Grove, Stork & Blakinger,* for appellant.

*Paul K. Allison,* with him *Barley, Snyder, Cooper & Mueller,* for appellee.

OPINION BY JUDGE WILKINSON, January 21, 1972:

In this zoning appeal we are asked to determine: (1) whether appellee acquired a vested right to utilize approximately 19 acres of land as a mobile home park prior to the enactment of the Rapho Township Zoning Ordinance which prohibited such a use, and (2) whether Section 3.02 of the Rapho Township Zoning Ordinance gives appellee the right to complete construction of a mobile home park on the land in issue.

Appellee is the owner of two tracts of land located in Rapho Township, Lancaster County. On 14.978 acres

of the larger tract, appellee wishes to construct a mobile home park. A smaller tract, four acres and 114 perches in area, is to be used as the location of sewage treatment facility to support the mobile home park. Appellee entered into an agreement of sale to purchase the larger tract on June 27, 1969, and received title on October 1, 1969. Title to the smaller tract was transferred to appellee by deed on October 3, 1969. The record reveals that as early as July 5, 1969, appellee's engineer conducted an inspection of the site. From this date until November 4, 1969, appellee or his representatives did the following acts: the engineer prepared a perimeter sketch of the area; a geologist conducted a survey of the site; the engineer prepared sketches showing two possible site plans; and a meeting was held between the engineer and representatives of utility companies with respect to providing services to the mobile home park. On November 4, 1969, a well to supply water to the mobile home park was drilled. By November 12, 1969, the engineer had completed a preliminary plan showing the location of streets as well as sites for 95 mobile homes. After November 12, 1969, the preliminary plan was revised to satisfy the objections of Texas Eastern whose underground gas transmission line crossed the site. On November 18, 1969, the well was tested and the flow found sufficient to support 100 mobile homes. By January of 1970, the engineer had completed street profiles and sewer plans. The final plan for the mobile home park was completed on January 9, 1970, and included provisions for 79 mobile homes, play areas, streets, refuse disposal containers, a service building and a pump house. In the latter part of 1969 or the early part of 1970, the gas utility company installed a gas supply line to the property. Prior to February 18, 1970, wooden stakes were placed on the land, presumably as an aid in construction. Following approval of

plans for sewage disposal by the Pennsylvania Department of Health on February 17, 1970, but prior to February 23, 1970, appellee commenced excavation and grading for the installation of sewer lines, water lines and streets.

Contemporaneous with appellee's activity, Rapho Township embarked on a program designed to place the township under land use controls through the enactment of a comprehensive plan and a zoning ordinance. The public first received official notice of this program when the Rapho Township Planning Commission advertised the holding of a public hearing to discuss the comprehensive plan on September 12, 1969. From this date forward, public hearings were held by the Planning Commission and the Board of Supervisors on the comprehensive plan and the zoning ordinance. On February 18, 1970, the efforts of Rapho Township reached fruition with the enactment of a zoning ordinance which became effective on February 23, 1970. The zoning ordinance did not allow the use to which appellee intended to put his property, i.e., a mobile home park.

Following the effective date of the zoning ordinance, appellee proceeded with construction of the mobile home park. On April 6, 1970, the solicitor for the zoning hearing board, by letter, informed appellee that his construction was in violation of the zoning ordinance. Appellee was ordered to make application for a permit or cease work. Appellee made application, but the zoning officer refused to issue a permit. Appellee appealed the action of the zoning officer to the Board of Zoning Adjustment requesting an interpretation of Section 3.02 of the zoning ordinance under which he felt that he was entitled to the permit. The Zoning Board of Adjustment affirmed the action of the zoning officer. Appellee then appealed this decision to the Court of Common Pleas of Lancaster County which, after hearing, re-

versed the board and held that (1) appellee had a vested right and, therefore, could continue construction, and (2) Section 3.02 of the Zoning Ordinance gave appellee the right to complete construction. It is from this decision that Rapho Township appeals. We must affirm the decision of the lower court.

Section 3.02 of the Rapho Township Zoning Ordinance states: "Nothing in this ordinance shall require any change in plans or construction of a lawful use, construction of which is lawfully started before the effective date of the ordinance and which is completed within one year after the effective date of this ordinance." We quote with approval that portion of Judge BROWN's opinion that applies this section of the ordinance to the facts of this case: "More importantly and certainly a controlling factor in this appeal is the definite language in the zoning ordinance itself in §3.02 above quoted. Research of counsel and the Court reveals no Pennsylvania case interpreting this language in a zoning ordinance, as related to the present factual situation. However, the language of this section is very clear and unambiguous. `Model had certainly begun a lawful construction before the effective date of the ordinance. By incorporating this section in the ordinance Rapho assumed the risk of an operation such as Model's being then underway. . . ."

The view which we take of this case makes it unnecessary that we decide the issue of whether appellee had a vested right to use his property as a mobile home park, although we take note of the decision of the Pennsylvania Supreme Court in *Boron Oil Company v. Kimple,* 445 Pa. 327, 284 A. 2d 744 (1971), decided December 20, 1971.

Order affirmed.