In Re: Appeal of FPA Corporation From the Decision of the Board of Supervisors of Newtown Township.
In Re: Appeal of FPA Corporation From the Decision of the Newtown Township Zoning Hearing Board.
The Newtown Township Supervisors, Appellants.

Argued April 6, 1976, before President Judge Bow-man and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Richard P. McBride,* with him *C. David Krewson,* and *Stuckert, Yates & Krewson,* for appellant.

*Robert A. Godwin,* with him *Timby & Godwin,* for appellee.

Opinion by Judge Rogers, June 18, 1976:

In *Girsh Appeal,* 437 Pa. 237, 263 A.2d 395 (1970), our Supreme Court held a zoning ordinance which

failed to provide for multi-family housing, in that case apartment structures, to be unconstitutional. In *Camp Hill Development Co., Inc. v. Zoning Board of Adjustment of Dauphin*, 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1973), this Court held that the *Girsh* principle applied equally to townhouses. In *Casey v. Zoning Hearing Board of Warwick Township*, 459 Pa. 219, 328 A.2d 464 (1974), our Supreme Court held that the "pending ordinance rule"—that an application for a building permit cannot be refused on the ground of a later enacted zoning amendment unless the municipality had made a sufficient public declaration of its intent to amend before the application was made[1]—was also applicable to applications to use land for purposes allegedly unconstitutionally excluded by zoning restrictions. Hence, the land developer who files an application to use land contrary to unconstitutional zoning regulations may not be denied such on the ground that the municipality has subsequently cured the objectionable feature of its regulations unless the municipality made a sufficient public declaration of its intent to amend prior to the developer's application.

The appellee, FPA Corporation, prepared on a form provided by the appellant, Newtown Township, an application for a zoning permit to construct 2750 dwelling units on 461 acres of land, of which about 275 would be single family residences, about 400 would be so-called senior-citizens units, a multi-family use, and the balance of about 2085 would be apartments and townhouses. A narrative attached to the application recites that the density proposed was six dwelling units per acre and that the units would be constructed at the rate of 300 units per year. Provision was also made for open space and recreational facilities. *This application was filed with the township*

---

[1] See *Boron Oil Company v. Kimple*, 445 Pa. 327, 284 A.2d 744 (1971); *Lhormer v. Bowen*, 410 Pa. 508, 188 A.2d 747 (1963).

*zoning officer on June 30, 1972, a time when under the Newtown Township Zoning Ordinance the only permitted residential use was for single family dwellings on 40,000 square feet lots.* The zoning officer refused the application and FPA appealed to the Zoning Hearing Board pursuant to Section 801 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* the means then provided for making substantive challenges to the validity of the ordinance.[2] The Zoning Hearing Board after many hearings affirmed the zoning officer's action. FPA appealed to the Court of Common Pleas of Bucks County which, by a very able opinion by Judge ARTHUR B. WALSH, reversed the Board and remanded the record to the Board of Supervisors for further proceedings and review with respect to other sources of township control.[3]

The appellee township's principal argument is that it made sufficient public declaration of an intention to amend its zoning regulations prior to June 30, 1972, the date on which FPA applied for a zoning permit. It bases its claim on the facts that:

(1) In March 1972 the township had caused to be advertised public notice of its intention to consider an amendment of its zoning ordinance so as to provide for a townhouse-apartment zone. It appears that this amendment would have allowed townhouses and apartments at a density of five units per acre on FPA's

---

[2] Section 801 was repealed by Section 13 of the Act of June 1, 1972, P.L. 333, and replaced by Sections 1004 and 1005 of the Code, 53 P.S. §§11004 and 11005. After the effective date of the 1972 amendments FPA filed a Section 1004(b) request for curative amendment, which was summarily dismissed by the Newtown Township supervisors. This action was appealed by FPA to the lower court but not pressed by it there or here.

[3] As did our Supreme Court under similar circumstances in *Casey v. Zoning Hearing Board of Warwick Township, supra.*

lands. This amendment was, however, indefinitely tabled by the Supervisors on June 5, 1972 and no other amendments were enacted until September 28, 1972.

(2) On June 22 and June 29, 1972 it gave public notice through advertisement that a then proposed Comprehensive Plan would be considered for adoption on July 17, 1972 and that the new Comprehensive Plan was indeed adopted on that date.

It is too clear for serious argument to the contrary, that there was no zoning regulation with respect to residential uses extant or proposed in Newtown Township on June 30, 1972 other than the single family, 40,000 square feet lot requirement complained of by FPA. The fact that the township had advertised, considered and indefinitely tabled amendments prior to June 30, 1972, suggests to us the exact contrary of a public declaration of the township's intent to amend the ordinance to cure the exclusionary nature of its existing enactment. The amendment adopted on September 28, 1972 was admittedly materially different from that proposed in June of 1972.

The Comprehensive Plan was advertised for adoption prior to FPA's filing. It is axiomatic however that comprehensive plans do not have the effect of zoning ordinances but only recommend land uses which may or may not eventually be provided by a legally enforceable zoning ordinance. *Saenger v. Planning Commission of Berks County,* 9 Pa. Commonwealth Ct. 499, 308 A.2d 175 (1973); *George Calantoni & Sons, Inc. v. Board of Supervisors,* 6 Pa. Commonwealth Ct. 521, 297 A.2d 164 (1972). A comprehensive plan at best proposes; only a zoning ordinance disposes.

Therefore the lower court correctly held that there was no pending ordinance to cure the patent unconstitutionality of the Newtown Township Zoning Ordinance in effect on June 30, 1972. FPA Corporation

is, therefore, as the lower court held, entitled to develop its land by the construction of apartments, townhouses, senior citizen residences, single family residences, at a density of six units per acre on its 461 acre tract; subject to its complying with such other pertinent township regulations, such as subdivision regulations and building codes, in existence on June 30, 1972.

The township raises a number of technical and procedural objections, all of which were properly rejected by the court below. Only one needs mention here—that based on the fact that the letters ''PRD'' appear on FPA's application for a zoning permit. The township relies on our case of *Kauffman and Broad, Inc. v. West Whiteland Township*, 20 Pa. Commonwealth Ct. 116, 340 A.2d 909 (1975), where in the course of an extended discussion of procedural matters we expressed the opinion that since a provision for planned residential developments is discretionary with municipalities, their failure to provide for such is not, standing alone, the proper subject of an application for a curative amendment pursuant to Section 1004 of the Municipalities Planning Code, 53 P.S. §11004. The appellant overlooks the fact that in *Kauffman and Broad, Inc., supra,* we held, despite the form of the application, that the landowner was entitled to construct proposed townhouses, a use prohibited by the municipality's zoning regulations and remanded for further consideration under the lower court's supervision of other uses contemplated by the landowner's PRD proposal.

Order affirmed.