Alfred Perlstein *v.* Borough of Monroeville.
Alfred Perlstein, Appellant.

490

Argued May 3, 1976, before President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Mencer, Rogers and Blatt. Judge Kramer did not participate.

Richard L. Rosenzweig, with him Rosenzweig & Rosenzweig, for appellant.

John D. Finnegan, with him Martin and Finnegan, for appellee.

Opinion by Judge Rogers, July 29, 1976:

This appeal presents a factual situation very close to that of *In Re: Appeal of FPA Corporation*, 25 Pa. Commonwealth Ct. 221, A.2d (1976), except that in the instant case the lower court sustained a borough's refusal to adopt a curative amendment proposed by a landowner, challenging the validity of a borough's ordinance, whereas in *FPA Corporation* the lower court allowed the landowner to proceed. We reverse.

Alfred Perlstein (Perlstein) is the owner of 94 acres of land situated in the Borough of Monroeville (borough) in an "S Conservancy" zoning district. On March 8, 1974, Perlstein filed his challenge to the borough zoning ordinance along with a request for a curative amendment pursuant to Sections 609.1 and 1004 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§10609.1, 11004, claiming that there was an unconstitutional total prohibition of townhouse use within the borough and that the "S Conservancy" district classification served to confiscate private property and was contrary to the community development objectives of the borough.[1]

Perlstein alleged that the adoption of his proposed amendment would cure these defects; the borough disagreed and refused to adopt the curative amendment. On appeal, the lower court took testimony, made its own findings of fact and conclusions of law, and sustained the borough's refusal to adopt the amendment. The lower court held that the allegation of confiscation and nonconformity to the community development objectives should properly be pursued as a variance request under Section 912 of the MPC, 53 P.S. §10912, and that the pending ordinance doctrine applied to cure the exclusion of townhouse uses.

This appeal followed. Since we dispose of this appeal on the basis that the pending ordinance doctrine does not apply, we have no need to reach the issue of whether it was proper for Perlstein to pursue his confiscation argument via Section 1004 of the MPC, 53 P.S. §11004.[2]

---

[1] Adopted pursuant to Section 606 of the MPC, 53 P.S. §10606.

[2] *See Robin Corporation v. Board of Supervisors of Lower Paxton Township,* 17 Pa. Commonwealth Ct. 386, 332 A.2d 841 (1975); *Board of Commissioners of McCandless Township v. Echo Development Company, Inc.,* 16 Pa. Commonwealth Ct. 448, 332 A.2d 848

Perlstein submitted his curative amendment and challenge on March 8, 1974. He was seeking to develop his tract with 667 multi-family units, 275 of which would be townhouses, and approximately 72% of the tract would be preserved in its natural state.

When he filed his challenge, multi-family uses were permitted in other zoning districts but townhouses were prohibited everywhere in the borough.[3] The lower court found:

"14. On February 10 and 27, 1974, the *Planning Commission* advertised that on February 27, 1974 it would conduct public hearings on its *Comprehensive Plan revisions* which called for the R-3 Multi-Family District to be divided into three new multi-family classifications, R-3, R-4 and R-5. The notices further advised that this recommendation for rezoning would be considered at the next Council meeting on March 12, 1974. On March 12, Council adopted the *Revised Comprehensive Plan* by resolution.

"15. The R-4 District specifically included townhouses, cluster houses and planned unit developments as permitted uses.

"16. Perlstein's property was not included in the planned rezoning.

"17. This action was re-advertised on April 10 and 24 with some modification. On May 14, 1974, the multi-family *rezoning package* was again discussed and *enacted unanimously.*" (Emphasis added.)

The lower court reasoned that, following *Boron Oil Company v. Kimple,* 445 Pa. 327, 284 A.2d 744 (1971), and *Lhormer v. Bowen,* 410 Pa. 508, 188 A.2d 747

---

(1975). *Cf. Township of Neville v. Exxon Corporation,* 14 Pa. Commonwealth Ct. 225, 322 A.2d 144 (1974).

[3] The ordinance defined a multi-family dwelling as "a building or portion thereof designed and used exclusively for occupancy by three (3) or more families, but not including a building consisting of one-family units attached side by side with individual entrances."

(1963), there was an ordinance pending at the time of Perlstein's challenge which would have corrected any defect in the ordinance so that the challenge must fail. We disagree.

"The events preceding the adoption of an ordinance must be examined whenever the issue of pendency is raised. An ordinance is pending when the governing body 'has resolved to consider a particular scheme of rezoning and has advertised to the public its intention to hold public hearings on the rezoning.' Boron Oil Company v. Kimple, supra, 445 Pa. at 331, 284 A.2d at 747." Casey v. Zoning Hearing Board of Warwick Township, 459 Pa. 219, 226, 328 A.2d 464, 467 (1974).

A comprehensive plan is recommendatory, not mandatory, Saenger v. Planning Commission of Berks County, 9 Pa. Commonwealth Ct. 499, 308 A.2d 175 (1973),[4] and the advertisement of amendments to the comprehensive plan is insufficient as a public notice of intention to rezone. In Re: Appeal of FPA Corporation, supra.

Failure to provide for townhouse uses in a borough invalidates the zoning ordinance. Dublin Properties v. The Board of Commissioners of Upper Dublin Township, 21 Pa. Commonwealth Ct. 54, 342 A.2d 821 (1975); Camp Hill Development Co., Inc. v. Zoning Board of Adjustment of Dauphin, 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1974). We must reiterate what Judge KRAMER said in Ellick v. Board of Supervisors of Worcester Township, 17 Pa. Commonwealth Ct. 404, 417, 333 A.2d 239, 247 (1975):

"A municipality with a defective ordinance runs the risk that a landowner will successfully challenge the ordinance and be permitted to proceed with a de-

---

[4] See also George Calantoni & Sons, Inc. v. Board of Supervisors, 6 Pa. Commonwealth Ct. 521, 297 A.2d 164 (1972), and Morelli v. Borough of St. Marys, 1 Pa. Commonwealth Ct. 612, 275 A.2d 889 (1971).

velopment which may be quite contrary to the intent of the governing body, its defective ordinance and the comprehensive plan.''

Order reversed. The record is hereby remanded to the lower court with directions that the appellant's proposed use of his property be permitted subject to his compliance with other proper regulations of the borough.