**George N. Highley and Drexel Builders, Inc. v. East Whiteland Township, Appellant.**

Argued October 6, 1976, before President Judge BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR., MENCER, ROGERS and BLATT. Judge KRAMER did not participate.

314

*John R. Padova,* with him *Solo & Padova,* for appellant.

*Ronald M. Agulnick,* with him *Agulnick, Talierco, McShane & Supplee,* for appellees.

OPINION OF JUDGE CRUMLISH, JR., January 24, 1977:

The Board of Supervisors (Board) of East Whiteland Township (Appellant) dismissed the petition for a curative amendment of George Highley and Drexel Builders (Appellees) which was filed pursuant to Section 609.1 of the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10609.1. Appellees' consequent appeal to the Court of Common Pleas was sustained. This appeal followed.

The petition for a curative amendment, filed on May 30, 1975, alleged that Appellant's zoning ordinance was unconstitutional in its failure to provide for condominium town houses and row houses. The proposed amendment sought to remedy this by placing high density use in a low density area. Two public hearings were held on Appellees' petition. Subsequent thereto, the Board rejected Appellees' curative amendment finding that a zoning ordinance was legally pending at the time of the filing of the curative amendment.

In reversing the Board, the court below wrote:

The Township cannot take refuge in the pending ordinance doctrine since, at best, consideration was being made of a comprehensive plan; and the period of time, well in excess of two years, goes beyond the bounds of reason on this record.

We affirm the court below.

The chronological order of events in this case is crucial to our disposition. In 1966, Appellant adopted a zoning ordinance which, as amended, remained in effect until repealed by an ordinance adopted in 1975. In February of 1973, a planning study was made public by Appellant's Planning Commission (Commission). In March of 1973 the Commission held an informal public meeting. On April 19, a notice appeared in the local newspaper that the Commission would be holding a public hearing on May 7 to consider the proposals. A hearing was held on that date to consider both the proposed comprehensive plan and zoning ordinance. On November 16, 1973, the Commission submitted its draft of the proposed comprehensive plan and zoning ordinance to the Board. Beginning on September 11, 1974, the Board conducted public hearings with respect to the comprehensive plan. The plan was adopted on May 12, 1975. On May 30, the proposed curative amendment was filed. The Board published notices on July 12 and July 19 of an intention to hold a hearing on the proposed ordinance on August 7, 1975. An ordinance was subsequently adopted on September 2, 1975 and on September 29, Appellant announced its rejection of the proposed curative amendment.

The petition accompanying Appellees' proposed curative amendment alleged that Appellant's 1966 zoning ordinance was unconstitutional in its exclusion

from the township of condominium town houses and row houses and, in attempting to remedy this, provided for their inclusion. *See Camp Hill Development Co. v. Zoning Board of Adjustment, Borough of Dauphin,* 13 Pa. Commonwealth Ct. 519, 319 A.2d 197 (1973). The existence of this omission in the 1966 ordinance is not in controversy. A "pending ordinance" which serves to correct defects in an otherwise invalid zoning ordinance and which is validly pending at the time of the filing of a curative amendment may serve as a justification for a municipality's denial of a proposed curative amendment. *See Perlstein v. Borough of Monroeville,* 25 Pa. Commonwealth Ct. 489, 361 A.2d 510 (1976); *Gorski v. Township of Skippack,* 19 Pa. Commonwealth Ct. 346, 339 A.2d 624 (1975). In *Boron Oil Co. v. Kimple,* 445 Pa. 327, 333, 284 A.2d 744, 748 (1971), the Supreme Court, while taking cognizance of the fact that the adoption of a zoning ordinance normally requires an extended period of time, nevertheless, recognized that "authorities charged with the responsibility of proposing, promulgating and administering local zoning and planning laws are under a basic duty to act reasonably." The Court went on to add that the municipality must proceed with "reasonable dispatch in considering the proposed rezoning" and noted that the language in that case was "not to be construed in any sense as granting a license to a municipality to use the pendency of a zoning ordinance as a device to impose either a general or selective moratorium on local/ land development." 445 Pa. at 332-33, 284 A.2d at 747-48.

*Appeal of FPA Corporation,* 25 Pa. Commonwealth Ct. 221, 360 A.2d 851 (1976), involved a zoning ordinance amendment advertised in March of 1972, but tabled by the Board of Supervisors on June 5,

1972. An amendment was subsequently enacted on September 28, 1972. The Court found in these circumstances that no pending ordinance existed on June 30, 1972, the date of FPA's application for a zoning permit, to cure the patently unconstitutional exclusion of Newtown Township's zoning ordinances.

Following these lines of reasoning, we hold that no ordinance was "pending" at the time Appellees proposed their curative amendment. An ordinance is not pending until the legislative body resolves to consider it, makes the proposal open to the public for inspection, and advertises its consideration at a future public meeting. *Bucks County Housing Development Corporation v. Township of Plumstead*, 25 Pa. Commonwealth Ct. 354, 361 A.2d 447 (1976). Though notice was given to the public on April 19, 1973, the ordinance was not adopted until nearly 29 monthly later and the date of the filing of the curative amendment was more than two years subsequent to the date notice was given. We cannot say that Appellant acted with reasonable dispatch. *See Boron Oil, supra.* In effect, the lengthy delay was tantamount to a tabling of the proposed amendments, revoking whatever protection may have otherwise been afforded by the pending ordinance doctrine. Finding no ordinance pending at the time of the filing of the curative amendment on May 30, 1975, we affirm the lower court's order upholding the plan proposed by Appellees subject to the imposition of reasonable regulations by Appellant.

Affirmed.

ORDER

AND Now, this 24th day of January, 1977, the decision and order of the Court of Common Pleas of Chester County is hereby affirmed.