James Marinari et al. *v.* The Zoning Hearing Board of New Hanover Township and New Hanover Township. New Hanover Township, Appellant.

Argued April 12, 1985, before Judges DOYLE and BARRY, and Senior Judge BARBIERI, sitting as a panel of three.

*Alan Lee Levengood,* with him, *Ronald H. Reynier,* for appellant.

*Marc D. Jonas,* with him, *Matthew S. Santangelo,* for appellees.

OPINION BY JUDGE DOYLE, August 2, 1985:

New Hanover Township (Township) appeals from the order of the Montgomery County Court of Common Pleas, which reversed the decision of the New Hanover Township Zoning Hearing Board (Board), and directed that the Board approve Landowners'[1] proposed development of a sanitary landfill.

Landowners are the owners of a 107 acre tract of land in New Hanover Township. On February 17, 1983, Landowners filed an application with the Board challenging the constitutionality of the Township's Zoning Ordinance on the basis of its exclusion of sanitary landfills as a permitted use. After conducting numerous hearings, the Board found that the Township's zoning ordinance was exclusionary as to sanitary landfills, but that a valid pending ordinance was in existence at the time of application. The Board concluded that since the pending ordinance permitted sanitary landfills when operated by the Township or

---

[1] James Marinari, John Marinari and Albert Marinari.

municipal authority, Landowners' contemplated use of their property as a sanitary landfill would not be permitted.

On appeal, the court of common pleas took no additional evidence and reversed, concluding that there was no valid pending ordinance at the time of application, since the Township had failed to give the required public notice of the proposed ordinance, and had failed to pursue the proposed ordinance in good faith and with reasonable dispatch.

Where, as here, the trial court has taken no additional evidence, our scope of review is limited to determining whether the zoning board abused its discretion, or committed an error of law. *Appeal of M.G.H. Enterprises,* 85 Pa. Commonwealth Ct. 68, 480 A.2d 394 (1984).

Under the "pending zoning ordinance doctrine," a building permit may be refused if at the time of application there is pending an amendment to a zoning ordinance which would prohibit the use of the land for which the permit is sought. *Boron Oil Co. v. Kimple,* 445 Pa. 327, 329, 284 A.2d 744, 746 (1971). An ordinance will be considered pending when a governing body has resolved to consider a particular scheme of rezoning and has advertised to the public its intention to hold public hearings on such rezoning. *Casey v. Zoning Hearing Board of Warwick Township,* 459 Pa. 219, 226, 328 A.2d 464, 467; *Boron Oil Co.,* 445 Pa. at 331, 284 A.2d at 747. A permit may be refused under the pending zoning ordinance *only* in situations where the municipality acts initially in good faith to achieve permissible ends and thereafter proceeds with reasonable dispatch in considering the proposed rezoning. *Id.* at 333, 284 A.2d at 748; *Borough of Brookhaven v. Park,* 47 Pa. Commonwealth Ct. 223, 228, 408 A.2d 176, 178 (1979).

In this case the Board's findings concerning the issue of the pending zoning ordinance were well supported by the evidence and can be summarized as follows:

On April 21, 1977, the Township Board of Supervisors instructed the Planning Commission to study the exclusionary effect of the Township's 1975 Zoning Ordinance as to sanitary landfills. On November 11, 1981, the Planning Commission authorized advertisement of a public hearing on a proposed zoning amendment, but did not include in the advertisement any indication that the amendment would permit *only* publicly operated landfills. On February 10, 1982, the Planning Commission held a hearing in which they announced that sanitary landfills would be a permissible use only when operated solely by the Township or municipal authority. James Marinari, one of the Landowners, was present at this hearing and heard this announcement relating to sanitary landfills. The Board of Supervisors thereupon convened several meetings concerning the proposed ordinance from November 11, 1982 through January 14, 1983, and on February 16, 1983, the Board of Supervisors voted at a public meeting to schedule public hearings on the proposed ordinance and to advertise the ordinance. The next day, on February 17, 1983, Landowners filed their application with the Township Zoning Hearing Board.

The first public advertisement of the proposed amendment *to include the provision permitting only publicly operated landfills* was made on March 14, 1983. After several hearings, the Board of Supervisors adopted the zoning amendment in substantially the same form as advertised on March 14.

The Zoning Board concluded that the ordinance became "pending" on February 10, 1982, the date the

Planning Commission announced at a public meeting the proposed restriction concerning publicly operated landfills. Thus, Landowners' subsequent application, filed on February 17, 1983, could be validly refused on the basis of this pending ordinance.

The trial court rejected this argument, concluding that the announcement of the proposed restriction at the February 10, 1982 meeting, did not satisfy the public advertisement requirements of the pending ordinance doctrine. We agree. Case law clearly requires *public advertisement* of an intent to consider a *particular scheme* of rezoning. *Boron Oil Co.* Although the restriction concerning publicly operated landfills was announced on February 10, 1982, this restriction was not *advertised* until March 14, 1983, almost a month *after* Landowners had filed their present application. Thus, this particular scheme of rezoning was not pending on the date of application, and cannot be considered a basis for denying Landowners' challenge.

The Township argues, however, that despite the lack of advertisement, the ordinance should be considered pending against Landowners because one of the Landowners attended the February 10, 1982 hearing and thus had *actual knowledge* of the proposed ordinance. Section 1004(2)(a) of the Pennsylvania Municipalities Planning Code (Code),[2] 53 P.S. §11004(2)(a), requires that a substantive challenge to the validity of a zoning ordinance be accompanied by a certification from the landowner that the landowner did not know at the time of the application (i) that the municipality had resolved to consider a particular scheme of rezoning by publication of notice of hearings on a proposed comprehensive plan or proposed

---

[2] Act of June 1, 1972, P.L. 333, *as amended.* Subsections (i) and (ii) were added by Section 5 of the Act of October 5, 1978, P.L. 1067.

ordinance or otherwise, or (ii) that the scheme of re-zoning would be inconsistent with the landowner's proposed use. Under this section a landowner need not certify that he was unaware that a curative ordinance had been proposed; he need only certify that he was unaware that the municipality had resolved to consider such an ordinance *by publication of notice of hearings*. The Landowners in this case satisfied this certification requirement.[3] Although the Landowner's attendance at the February 10, 1982 meeting may have made him aware that an ordinance was being proposed, it did not make him aware that the municipality had *resolved* to consider this ordinance by publication of notice of hearings. Indeed, such a resolution was not made until the February 16, 1983 meeting of the Board of Supervisors, and there is no indication that the Landowners attended *that* meeting. Presumably, had Landowners attended that meeting they could not have taken a qualifying affidavit

---

[3] The certification submitted by the landowners is as follows:

James Marinari hereby certifies that as of the date of this challenge he was aware of efforts by the Township Planning Commission under consideration for approximately five years to change the regulations pertaining to his property including provisions that would prevent the operation of a sanitary and/or industrial landfill except when operated solely by the Township or by the Municipal Authority, but further certifies that to the best of his knowledge or information and belief as of the date of this application the Township had not resolved to consider any particular scheme or rezoning by publication of notice of hearings on a proposed comprehensive plan or proposed zoning ordinance or otherwise which would be inconsistent with the proposed use as described in this challenge or would cure the defect in the zoning ordinance which is the subject of this challenge. As of the date of this application, based on his information or knowledge and belief, James Marinari believes that there was no pending zoning ordinance before the Township Board of Supervisors that would adversely affect this application.

of certification. The matter of the qualifying certification is of course a specific and separate statutory requirement distinct from the application of the pending ordinance zoning doctrine.

The Township further argues that a remand is necessary because the trial court failed to make an affirmative finding of fact in its order of September 14, 1984, that the Landowners' certification was true and correct as required under Section 1011(4) of the Code.[4] While the court did fail to make an explicit finding on this matter in its initial order, it stated in its opinion dated December 14, 1984 its belief that such a finding was implicit in its decision, and since the court has expressed its intention to make such an affirmative finding, we see no reason why a remand would be necessary.

The trial court was correct in concluding that the Board committed an error of law in denying Landowners' application on the basis of a pending zoning ordinance. Accordingly, we affirm the decision of the court of common pleas.[5]

ORDER

Now, August 2, 1985, the order of the Montgomery County Court of Common Pleas, No. 83-12157, dated September 14, 1984, is hereby affirmed.

---

[4] 53 P.S. §11011(4). Section 1011(4) of the Code states:
No court shall grant or enforce relief with respect to a substantive challenge without first making an affirmative finding of fact that landowner's certification required by Section 1004(2)(a) [53 P.S. 11004(2)(a)] has in fact been made and is true and correct.

[5] Because of our resolution of this matter, we do not reach the issue of whether the Township pursued the ordinance in good faith and with reasonable dispatch.