578 A.2d 1349

**Gloria B. LEVIN and Gloria B. Levin Associates, Lombard Street Associates & the Parkway Corp., Appellants,**

v.

**ST. PETER'S SCHOOL, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 1989.

Reargued May 2, 1990.

Decided Aug. 2, 1990.

Eric B. Henson, with him, Mark H. Fisher, Hoyle, Morris & Kerr, Edward S. Ellers, with him, Andrew O. Schiff, Klehr, Harrison, Harvey, Branzburg, Ellers & Weir, Philadelphia, for appellants.

Sondra K. Slade, Malvern, with her, Joseph Neff Ewing, Jr., and William J. Cluck, Saul, Ewing, Remick & Saul, Robert S. Ryan, Drinker, Biddle & Reath, Robert Joseph LaRocca, Kohn, Savett, Klein & Graf, P.C., Thomas R. Kline, Beasley, Casey, Colleran, Erbstein, Thistle, Kline & Murphy, and Arthur M. Kaplan, Fine, Kaplan and Black, Philadelphia, for appellees.

Bernard N. Katz, with him, Marie A. Fritzinger, Meranze and Katz, Philadelphia, for amicus curiae, Philadelphia Bldg. and Const. Trades Council.

Nancy D. Wasser, Philadelphia, for amici curiae, The Philadelphia Developers Alliance and The South Street Business Ass'n, Restaurant Committee.

Before CRUMLISH, Jr., President Judge, and CRAIG, DOYLE, COLINS, PALLADINO, SMITH and PELLEGRINI, JJ.

CRAIG, Judge.

Gloria Levin and several named defendants (owner) appeal an order of the Court of Common Pleas of Philadelphia County. On July 10, 1989, the trial court granted an injunction to St. Peter's School and several named neighborhood associations (neighbors) enjoining the construction of an open-air parking lot on the owner's parcel in the Society Hill area of Philadelphia. A panel of this court reversed the trial court's order, *Levin v. St. Peter's School* (1777 C.D. 1989 filed Jan. 22, 1990 slip opin.) and the neighbors then filed an application for reargument before the court en banc. This court granted reargument en banc on the following issues:

(1) whether the trial court's July 10, 1989 order granted a preliminary or permanent injunction; and

(2) whether, under the "pending ordinance" doctrine, the owner had a vested right in the permits issued by the city under the existing zoning ordinance in light of:

(a) the comprehensive use variance issued by the Philadelphia Zoning Board of Adjustment to the previous

landowner to construct a residential development complex; and

(b) city council's enactment of Ordinance 1294, which did not amend the existing zoning ordinance, but rather, by its terms, purported to change, for redevelopment purposes, the land use and related controls applicable to the block, including the owner's parcel, from industrial to residential/commercial.

Initially, we adopt the facts as summarized in our previous panel decision. In summary, the owner obtained a parcel within a 1.5 acre block zoned G–2 industrial. During the previous ownership, the board issued a comprehensive use variance to the landowner for construction of a residential development complex within the block. Also, council enacted a *redevelopment ordinance,* not a zoning ordinance amendment, which purported to change the block's land use and related controls from G–2 heavy industrial to R–10B residential.

However, the previous landowner only partially completed the residential complex permitted by the variance, and then sold the remaining parcel to the owner in February of 1989. Moreover, council did not propose Bill 430, which amended the parcel's zoning ordinance classification to R–10B, until April 27, 1989, over two months after the owner had obtained both ownership of the parcel and permits from the city to construct a parking lot.

Additionally, we note that the trial court declined to address the neighbors' anticipatory nuisance theory in its July 10, 1989 decision. Instead, after this court issued its panel decision, the parties resurrected that issue, and the trial court then denied the neighbors' request for an injunction based on this anticipatory nuisance theory on February 20, 1990. We note further that the neighbors did not appeal that latest decision of the trial court.

## 1. INJUNCTION ISSUE

■ The owner first contends that the trial court's July 10, 1989 order issued a preliminary injunction, and not a permanent injunction, to the neighbors. We agree.

Initially, we note that, in his opinion, the trial judge characterized these proceedings as an action for a preliminary injunction. Moreover, we note that the pleadings in this case were never closed, in that the owner (1) never filed an answer to the neighbors' complaint; and (2) appealed the July 10, 1989 injunction order before filing post-trial motions. Both of these procedural aspects are consistent with preliminary injunction proceedings.

Furthermore, the trial court's February 20, 1990 decision, which the neighbors did not appeal, continued to treat the matter as preliminary injunction proceedings. Therefore, although the trial court admittedly held extensive hearings in this matter at the outset, and although the parties and their respective counsel have sometimes treated these proceedings as if on a final injunction, we conclude that the trial court's July 10, 1989 order issued a preliminary injunction.

Of course, in reviewing the grant of a preliminary injunction, the appellate court must determine whether there are any apparently reasonable grounds to support the trial court's order. If no such grounds exist to support the decree or if the rule of law relied upon was palpably erroneous or misapplied, we must reverse. *Novak v. Commonwealth*, 514 Pa. 190, 523 A.2d 318 (1987).

In this case, the parties on both sides, although proceeding in the procedural posture of a preliminary injunction, have concentrated entirely on the question of whether or not there was any basis in law whatsoever for the injunction. In the briefs and argument submitted to this court, both on panel argument and upon reargument before the court en banc, the only questions presented by counsel related to whether the trial court misapplied the law or relied upon a rule of law which was clearly erroneous.

Consistently, therefore, this court will examine first the question of whether or not there is any basis in law to support the preliminary injunction granted in favor of the objectors. If no grounds in law exist, we need proceed no further.

## 2. "PENDING ORDINANCE" ISSUE

### A. *The Redevelopment Ordinance*

■ The owner next contends that, because council did not introduce Bill 430, which amended the block's zoning from G–2 to R–10B, until after the owner obtained her permits, and because the redevelopment ordinance, enacted in 1982, cannot constitute a pending *zoning* change, the "pending ordinance" doctrine cannot apply. We agree.

In *Penn Township v. Yecko Brothers*, 420 Pa. 386, 217 A.2d 171 (1966), *cert. denied*, 385 U.S. 826, 87 S.Ct. 60, 17 L.Ed.2d 63 (1966) and its progeny,[1] the courts have set forth three factors to determine whether a landowner has acquired a vested right in the permit issued under the existing zoning ordinance when a zoning amendment is pending. A landowner with a permit must show that:

(1) she obtained a valid permit under the old zoning ordinance;

(2) she obtained the permit in good faith and without racing to get the permit before the proposed amendment is made; and

(3) she, in good faith, spent money or incurred liabilities in reliance on the permit.

*Penn Township*, 420 Pa. at 390–91, 217 A.2d at 173.

The neighbors contend that, under *Boron Oil Co. v. Kimple*, 445 Pa. 327, 284 A.2d 744 (1971), the redevelopment ordinance constituted sufficient notice of a pending *zoning* change. In *Boron Oil*, the borough planned and proposed an extensive revision of its existing zoning ordinance during a two-year period. Moreover, although the borough gave public notice of its proposal, it failed to hold public meetings on the proposal until after the landowner had applied for a permit. The court in *Boron Oil* concluded that "[T]hese facts, taken together, constitute sufficient public declaration by the municipality that it intended to rezone the area." *Boron Oil*, 445 Pa. at 331, 284 A.2d at

---

1. *Gulf Oil Corp. v. Fairview Township Supervisors*, 438 Pa. 457, 266 A.2d 84 (1970); *Hanlen v. State College Zoning Hearing Board*, 60 Pa.Commonwealth Ct. 190, 430 A.2d 1236 (1981).

747 (citing *Lhormer v. Bowen,* 410 Pa. 508, 511, 188 A.2d 747, 748 (1963)).

However, the court in *Boron Oil* stated that the court's decision should not be interpreted as "granting a license to a municipality to use the pendency of a zoning ordinance as a device to impose either a general or selective moratorium on local land development." Moreover, the court in *Boron Oil* stated that a municipality must proceed with "reasonable dispatch in considering the proposed rezoning," and further noted that "governmental authorities charged with the responsibility of proposing, promulgating and administering local zoning and planning laws are under a basic duty to act reasonably." *Boron Oil,* 445 Pa. at 332–33, 284 A.2d at 747–48. *See Highley v. East Whiteland Township,* 28 Pa.Commonwealth Ct. 313, 368 A.2d 914 (1977).

Thus, the difference between *Boron Oil* and the present case is that, in this case, council made no effort for seven years either to prepare a new zoning classification for the block or to proceed with rezoning the block in accordance with the redevelopment ordinance. When council enacted the redevelopment ordinance in 1982, both council and the city planning commission admitted that no zoning change was pending by concluding that no zoning amendment for the block would be needed. On the other hand, the borough in *Boron Oil* publicly announced its plans for an extensive revision of the existing zoning ordinance over a two-year period.[2]

Therefore, as stated in our previous panel decision, because the redevelopment ordinance did not propose a *zoning* change for the block,[3] and because council did not contemplate a *zoning* change for the block or propose Bill

2. *See also A.J. Aberman, Inc. v. City of New Kensington,* 377 Pa. 520, 105 A.2d 586 (1954) (zoning amendment held pending when council appointed a zoning commission, and the commission completed preliminary reports, conducted public hearings, and submitted a final report to council before landowner applied for a permit.).

3. *See Perlstein v. Borough of Monroeville,* 25 Pa.Commonwealth Ct. 489, 361 A.2d 510 (1976) (advertisement of amendments to comprehensive plan held insufficient as public notice of intent to rezone.).

430 until after the owner obtained her permits, we conclude that no *zoning* amendment existed under the "pending ordinance" doctrine.

■ Moreover, even if we concluded that the redevelopment ordinance constituted a pending *zoning* change, the facts in this case indicate that the owner would meet the *Penn Township* criteria. First, the owner obtained her permits under the then-existing G–2 zoning. Second, because council neither contemplated nor proposed a zoning change for the block until after the owner obtained her permits, the owner acted in good faith and without racing to beat any proposed zoning change.

Finally, the owner acquired record title to the parcel in reliance on the permits, mortgaged the acquisition through a lending institution, and has made payments on this mortgage during these proceedings; all without generating any income from the proposed parking lot. Thus, the owner incurred liabilities in reliance on the permits. Hence, the owner would have a vested right in the permits under *Penn Township.*

### B. The Use Variance

The neighbors also contend that the comprehensive use variance issued to the previous landowner either (1) vested to bar the proposed parking lot use, thus having the effect of rezoning the parcel to R–10B; or (2) gave sufficient notice, or a "declaration of intent," of the city's permitted uses for the parcel under *Boron Oil.*

■ First, although the neighbors' novel "vested variance" theory has limited support in dictum, *see H.A. Steen Industries, Inc. v. Cavanaugh,* 430 Pa. 10, 241 A.2d 771 (1968), the fundamental difference between a variance grant and a zoning change is that, although variances specifically depart from the existing zoning, rezoning the land legislatively changes the land's use. Common zoning law principles limit the board's issuance of variances in

order to keep this power from growing into a general legislative power.

> While the [zoning] ordinance reflects legislation in its most common form—the creation of rules of general application—a variance is a specialized form of legislation, directed at a specific property involved. The courts have long recognized that unlimited use of the variance power would swallow the entire legislative power and therefore generally have refused to permit its use as a substitute for rezoning.

Ryan, Pennsylvania Zoning Law and Practice § 6.1.3 (1981).

The business of amending a zoning ordinance to accommodate new needs is legislative in nature, and thus, not within the administrative appeal, special exception, and variance powers of a zoning board of adjustment under the First Class City Code. Section 8 of the Act of May 6, 1929, P.L. 1551, *as amended*, 53 P.S. § 14759.[4] Furthermore, another fundamental difference between a zoning amendment and a variance grant is that, although zoning amendments are generally published and codified, variance grants are not.[5]

In this case, the board's issuance of the comprehensive use variance that permitted the previous landowner's residential development complex did not have the effect of rezoning the block, and thus did not replace the underlying G–2 zoning applicable to the block when the city issued the owner's permits. The variance allowed a specifically-defined project which the previous landowner did not fully

---

**4.** *See generally MacLean v. Zoning Board of Adjustment of Crafton,* 409 Pa. 82, 185 A.2d 533 (1962) (rezoning and variances are fundamentally different, and the board has jurisdiction only in variance requests, and not where a request is for rezoning under a guise of a variance); *Richman v. Philadelphia Zoning Board of Adjustment,* 391 Pa. 254, 137 A.2d 280 (1958) (variances are departure from the letter, but not the spirit, of a zoning ordinance, and rezoning may not be accomplished under the guise of variance grants.).

**5.** *See* Philadelphia Zoning Ordinance § 14–1805 (notice of board's decision of variance requests sent only to applicant and those who have entered an appearance.).

pursue and which therefore has no relevance to the owner's proposed parking lot use for the remainder of the block.

 Next, the neighbors contend that the variance grant constituted notice, or a "declaration of intent," of the block's rezoning under the "pending ordinance" doctrine.

We note generally that, when an owner sells a parcel of land, the owner must deliver to the purchaser a certificate of zoning, issued by a municipal officer, which acts as notice to the purchaser indicating the parcel's zoning classification and the legality of its existing use. Sections 1–5 of the Act of July 27, 1955, P.L. 288, *as amended*, 21 P.S. §§ 611–615. On the other hand, a purchaser retains the duty to check a parcel's zoning before completion of a sale, and cannot later advance a lack of knowledge of the parcel's zoning to support a variance request. *Hasage v. Zoning Board of Adjustment of Philadelphia*, 415 Pa. 31, 202 A.2d 61 (1964).

However, in this case, to treat the block as if it were either zoned residential or as under "pending" residential zoning, as a result of the board's issuance of a use variance, this court would impose on land purchasers the burden of searching out not just title, but also previous variances, zoning certificates, and regulatory records relating to the land's previous uses for an undetermined period back into the past. Therefore, we conclude that the neighbors cannot benefit from the "pending ordinance" doctrine simply because the owner in this case could have had notice of a previously-issued use variance which did not change the block's G–2 zoning classification.

Accordingly, we reverse the trial court's order.[6]

6. The neighbors raise an additional contention that the city's failure to rezone the block constituted "spot zoning" under *French v. Zoning Board of Adjustment of Philadelphia*, 408 Pa. 479, 184 A.2d 791 (1962). However, because (1) the neighbors' complaint never raised the spot zoning issue; (2) the court below did not address this issue; and (3) we limited reargument en banc to the two stated issues, we refuse to address this issue.

## ORDER

NOW, August 2, 1990, the order of the Court of Common Pleas of Philadelphia County, No. 3901 of April Term, dated July 10, 1989, is reversed.