**TU-WAY TOWER CO., Appellant,**

v.

**ZONING HEARING BOARD OF the TOWNSHIP OF SALISBURY and Township of Salisbury.**

Commonwealth Court of Pennsylvania.

Submitted Dec. 9, 1996.

Decided Jan. 21, 1997.

---

Kevin Frank Danyi, Bethlehem, for appellant.

Victor F. Cavacini, Allentown, for appellee, Zoning Hearing Board of Salisbury Township.

Maria C. Mullane, Allentown, for appellee, Township of Salisbury.

Before COLINS, President Judge, DOYLE, J., and LORD, Senior Judge.

COLINS, President Judge.

Tu-Way Tower Co. (Tu–Way) appeals the order of the Court of Common Pleas of Lehigh County (common pleas court) affirming the decision of the Zoning Hearing Board of Salisbury Township (Board) denying Tu-Way's application for a special exception or variance to extend the height of its communications tower by 200 feet and/or to erect two new 200–foot communications towers and accessory buildings. We affirm.

Tu-Way owns twelve acres of land located on a mountain top in Salisbury Township (Township). In 1990, Tu–Way received a special exception to construct, and did in fact construct, a 200–foot communications tower upon this land with an unattended accessory building housing electronics equipment. In 1994, Tu–Way filed with the Board two applications for a special exception or, in the alternative, for a variance to (1) add an additional 200 feet to the height of its tower and (2) erect two additional 200–foot communications towers together with unmanned accessory electronics buildings.

Prior to Tu-way's applications, however, the Township had given public notice of its intention to amend provisions of the Township's Zoning Ordinance (Ordinance) affecting communications towers. In fact, a public meeting was held by the Township Planning Commission, and a public hearing was scheduled on the proposed changes prior to Tu–Way's applications. The Township enacted amendments to the Ordinance concerning communications towers shortly after Tu–Way's applications were filed (hereinafter, said amendments shall be referred to as the "New Ordinance").

The New Ordinance differs from the prior Ordinance provisions (Old Ordinance) in one respect material to this case: it increased the setback requirements for a communications tower to the full height of the tower. The Old Ordinance required that the setback for a communications tower be only one-half of the height of the tower. Tu–Way's first application for a special exception proposed a 400–foot tower with setbacks of 222 feet on one side and 202 feet on the other.

██ The Board denied Tu–Way's applications for several reasons relevant to this appeal. First, it determined that Tu–Way's proposal to increase the height of its tower would not be in conformance with the setback requirements of the New Ordinance. The Board applied the New Ordinance rather than the Old under the "pending ordinance doctrine," which provides, generally, that "a building permit may be refused if at the time of application there is pending an amendment to the zoning ordinance which would prohibit the use of the land for which the permit is sought." *Marinari v. Zoning Hearing Board of New Hanover Township,* 90 Pa.Cmwlth. 601, 496 A.2d 121, 123 (1985), *petition for allowance of appeal denied,* 520 Pa. 621, 554 A.2d 512 (1989).

Second, the Board determined that Tu–Way's proposed 400–foot tower was a "communication or microwave tower" as defined by the Ordinance and not a "television/FM broadcast tower" as argued by Tu–Way. Both the Old and New Ordinances limit the height of communications or microwave towers to 200 feet; a television/FM broadcast tower may reach the height of 700 feet.

Third, the Board found that Tu–Way failed to meet a provision of the New Ordinance that requires that an applicant who proposes to construct a new tower demonstrate that existing towers owned by the applicant (or any affiliate or subsidiary) "cannot reasonably accommodate the telecommunications equipment planned for the proposed tower, the intent being to maximize the use of existing towers." Section 402.16.j of the New Ordinance. A somewhat similar provision was found in the Old Ordinance, and the Board found that Tu–Way would have failed to meet the requirements under the Old Ordinance also. In part, these findings were based upon Tu–Way's own evidence, which showed that there remains some space on its existing tower to accommodate new uses.

The common pleas court affirmed the Board's denial of a special exception and/or variance. Although several other issues were raised and argued before the Board and the common pleas court, Tu–Way, on appeal to this Court, presents only the following three issues: (1) whether Tu–Way's proposal, to extend its tower by 200 feet and/or add two additional 200–foot towers with accessory buildings, constitutes "land development" under the Pennsylvania Municipalities Planning Code (MPC), Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202, and under the Township Ordinance; (2) assuming Tu–Way's proposal constitutes "land development," whether the pending ordinance doctrine is applicable to Tu–Way's application; and (3) whether Tu–Way's tower can be considered a television/FM broadcast tower allowing for a height greater than 200 feet. In a zoning appeal where the common pleas court takes no additional evidence, our scope of review is limited to determining whether the zoning hearing board manifestly abused its discretion or committed an error of law. *Valley View Civic Association v. Zoning Board of Adjustment,* 501 Pa. 550, 462 A.2d 637 (1983). A zoning hearing board abuses its discretion when its findings are not supported by substantial evidence. *Id.*

Although Tu–Way presents three issues before us, it does not directly address the basic issue presented in this case: whether the Board erred by denying Tu–Way's applications for a special exception and/or variance. Nothing in Tu–Way's brief indicates that it is challenging the Board's determination regarding the denial of a variance. The three issues it raises touch upon the Board's denial of a special exception to increase the height of the tower and perhaps to erect two new towers. Tu–Way, however, does not challenge the Board's finding that there remains space on its existing tower for new business, which would prohibit the grant of a special exception under both the New and Old Ordinances. Therefore, even if we were to decide in Tu-way's favor under the three issues it raises, we would still be without a basis to reverse the Board. Assuming, however, that Tu–Way proposes to branch into new business in excess of its current capacity, we shall briefly address the issues raised by Tu–Way and explain why we do not believe the Board erred or abused its discretion with respect to them.

Tu-Way's initial argument, that its proposal constitutes a land development or subdivision under the MPC and Ordinance, is signif-

icant under the facts of this case because of the provisions of Section 603(c)(2.1) of the MPC, 53 P.S. § 10603(c)(2.1):

> (2.1) when an application for . . . a special exception . . . is filed with the zoning hearing board . . . and the subject matter of such application would ultimately constitute either a 'land development' as defined in section 107 [53 P.S. § 10107] or a 'subdivision' as defined in section 107, no change or amendment of the zoning, subdivision or other governing ordinance or plans shall affect the decision on such application adversely to the applicant and the applicant shall be entitled to a decision in accordance with the provisions of the governing ordinances or plans as they stood at the time the application was duly filed. . . .

Thus, if Tu–Way's proposal constitutes either land development or a subdivision under the MPC, then the pending ordinance doctrine does not apply, and Tu–Way's applications are to be reviewed under the provisions of the Old Ordinance, which, among other things, provides for shorter setback requirements.

Section 107 of the MPC, 53 P.S. § 10107, defines "land development" and "subdivision" as follows:

> **"Land development,"** any of the following activities:
>
> > (1) The improvement of one lot or two or more contiguous lots, tracts or parcels of land for any purpose involving:
> >
> > > (i) a group of two or more residential or nonresidential buildings, whether proposed initially or cumulatively, or a single nonresidential building on a lot or lots regardless of the number of occupants or tenure; or
> > >
> > > (ii) the division or allocation of land or space, whether initially or cumulatively, between or among two or more existing or prospective occupants by means of, or for the purpose of streets, common areas, leaseholds, condominiums, building groups or other features.
> >
> > (2) A subdivision of land.
> >
> > (3) Development in accordance with section 503(1.1) [not applicable to this case].

**"Subdivision,"** the division or redivision of a lot, tract or parcel of land. . . .

We agree with the Board and common pleas court that Tu–Way's proposal does not fall under either of these definitions. First, it is very clear that Tu–Way is not proposing the division or redivision of a piece of land; therefore, Tu–Way is not proposing a subdivision.

Second, Tu–Way is not proposing the development of its land with residential or nonresidential buildings. The fact that Tu–Way wishes to construct buildings accessory to its proposed towers does not raise its proposal to a level of land development. Tu–Way did not come before the Board to develop its land with residential or commercial buildings but, rather, to extend a tower or erect additional towers, activities which are not defined as land development under the MPC. Tu–Way concedes that the Township did not require land development plans for Tu–Way's initial construction of its tower and accessory building or for its current proposals. As the common pleas court concluded, the Township Ordinance requires only that Tu–Way apply for a special exception for that which it proposes. In *Kirk v. Smay*, 28 Pa.Cmwlth. 13, 367 A.2d 760 (1976), this Court determined that the proposed construction of a single medical office building on the grounds of a completed shopping center did not rise to the level of land development as defined in the MPC. Here, the proposal to construct accessory buildings on a developed piece of land likewise does not rise to the level of land development.

Third, Tu–Way's argument that its proposal is land development because it plans to divide "space" on its tower among "lessees" is similarly unpersuasive. Again, the Ordinance does not require land division approval for that which Tu–Way proposes. Further, Tu–Way does not propose the leasing of any realty by other parties. Finally, the Board and common pleas court did not err by characterizing Tu–Way's conveyance of antenna space on its tower as a license rather than a lease. Tu-way's efforts to declare the definition of "land development" in Section 107 of the MPC ambiguous so as to force an interpretation favorable to Tu–Way is undercut

by the fact that this definition is not ambiguous as applied to the facts of this case. Tu–Way's strained interpretation of "land development" does not fall within the language of the MPC.

Because Tu–Way's proposals do not constitute land development or a subdivision, the Board's application of the pending ordinance doctrine is not foreclosed by Section 603(c)(2.1) of the MPC. Tu–Way does not raise any other argument against the application of the pending ordinance doctrine in this case except for the savings provisions of Section 603(c)(2.1), and we see nothing in the record that indicates that the Board incorrectly applied the provisions of the New Ordinance to Tu–Way's applications for a special exception.

Further, we find that the Board did not err or abuse its discretion in finding that Tu–Way's existing tower is a communications tower under the Ordinance as opposed to a television/FM broadcast tower. Both Tu–Way and the Township presented expert testimony regarding this issue. The Township's expert explained how Tu–Way's use and proposed use of the tower are distinct from television/FM broadcasts, most notably because such broadcasts are intended for general public use as opposed to private commercial use, such as a trucking company that desires to communicate only with its truck operators. *See* N.T., October 25, 1994, pp. 113–17. Tu–Way's expert testified that Tu–Way's proposed communications equipment for the tower covers frequencies previously used with television broadcasts (and for this reason is analogous to television broadcasts), but with the intent that this equipment be used for private or "for fee" users. The Board, as the fact finder, is the ultimate judge of credibility and resolves all conflicts of evidence. *Constantino v. Zoning Hearing Board of the Borough of Forest Hills,* 152 Pa.Cmwlth. 258, 618 A.2d 1193 (1992). Here, the Board accepted the thorough testimony of the Township's witness, and there is nothing in the record to suggest that the Board abused its discretion by so doing.

Accordingly, the order of the common pleas court is affirmed.

*ORDER*

**AND NOW,** this 21st day of January, 1997, the order of the Court of Common Pleas of Lehigh County in the above-captioned matter is **AFFIRMED.**